ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LMD & ASSC, LLC ("LMDSC") Y OTROS<br><br>Parte Peticionaria<br><br>v.<br><br>GENSERV, INC. Y OTROS<br><br>Parte Recurrida | KLCE202401344 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: FA2020CV00501<br><br>Sobre: Daños y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de febrero de 2025.

Comparece LMD & ASSC Puerto Rico, LLC (en adelante LMD) mediante recurso de *certiorari* y por conducto de su representante legal. En el recurso nos solicita que revoquemos la Resolución emitida mediante Minuta el 18 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante TPI). En el referido dictamen, el TPI denegó la solicitud de extensión del descubrimiento de prueba. En específico, se le negó a LMD que depusiera a los co-demandados y también la presentación de un testigo pericial. Junto al recurso de *certiorari,* LMD presentó una *Moción Urgente en Auxilio de Jurisdicción,* en la cual solicitaba la paralización de los procedimientos hasta tanto nosotros atendiéramos su solicitud sobre el descubrimiento de prueba. Con fecha del 16 de diciembre de 2024, denegamos la paralización según solicitada en el auxilio.

El 26 de diciembre de 2024, GENSERV, Inc. e Yvonne Roxanna Acevedo Torres comparecieron con sus respectivos escritos

en oposición. Examinada la solicitud de LMD, y tras un estudio detenido del expediente de autos, resolvemos denegar la expedición del auto de *certiorari*.

**I.**

El caso inicia con la presentación de una demanda en el año 2020, por parte de LMD contra GENSERV, Inc.*, et al.* por incumplimiento de contrato.

En lo pertinente al *certiorari* que nos ocupa y luego de un sinnúmero de trámites judiciales, el 27 de septiembre de 2024, el TPI en corte abierta determinó: que el descubrimiento de prueba había concluido; que LMD estaba impedida de presentar prueba pericial y que tampoco podía tomar deposiciones. Lo anterior, por ser demasiado tardías las solicitudes y reiterados los incumplimientos por parte de LMD.

Luego de varios trámites ante el TPI y ante nosotros[1], el 18 de noviembre de 2024, el foro primario notificó una Minuta donde recogió los eventos y lo resuelto en una vista celebrada el 27 de septiembre de 2024. En lo que nos ocupa, el TPI reiteró la culminación del descubrimiento de prueba, no permitió a LMD tomar deposiciones y no autorizó a LMD a presentar prueba pericial. En la Minuta, de la cual se recurre en esta ocasión, el TPI detalla todos los eventos, fechas y oportunidades que tuvo LMD para llevar a cabo su descubrimiento de prueba. El foro revisado hizo hincapié que el caso data del año 2020 y que LMD, como promovente, debió ser más diligente. El TPI resaltó que, desde el 4 de abril de 2024, mediante orden les había concedido a las partes un término de 20 días para informar de manera conjunta los asuntos pendientes en los descubrimientos de prueba. En el mismo término, LMD tenía que informar si utilizaría prueba pericial. De ser anunciada, LMD

---

[1] Véase KLCE202401148 y KLCE202300973, casos relacionados.

tenía que notificar las cualificaciones de su perito y se le concedió un término de 45 días para someter su informe pericial. LMD no cumplió con lo ordenado. Con posterioridad a este evento, ocurrieron más incumplimientos de LMD. En resumen, el foro primario en el dictamen recurrido especificó los incumplimientos a las órdenes y todas las oportunidades dadas a LMD. Así las cosas, y en el ejercicio de su discreción, denegó lo solicitado por LMD.

Inconforme con el dictamen, LMD acude ante nos y señala el siguiente error:

> ABUSÓ DE DISCRECÓN EL TPI AL: A) DENEGAR LA SOLICITUD DE EXTENSIÓN DEL DESCUBRIMIENTO DE PRUEBA REALIZADA POR LMD B) DENEGARLE EL DERECHO A LMD A TOMAR DEPOSICIONES; Y C) DENEGARLE EL DERECHO A LMD EN UTILIZAR UN TESTIGO PERICIAL, EXCEDIÉNDOSE Y TRASCENDIENDO EL TPI DEL AMBITO DE SU DISCRECIÓN, TODO ELLO EN PLENA VIOLACIÓN AL DEBIDO PROCESO DE LEY DE LMD.

Presentado el recurso de *certiorari* y luego de denegada la Moción en Auxilio de Jurisdicción de LMD, GenServ, Inc. e Ivonne Roxanna Acevedo Torres comparecieron con sus correspondientes oposiciones al recurso.

Resulta pertinente mencionar que, con fecha del 27 de enero de 2025[2], el foro primario *motu proprio* concedió a LMD la oportunidad de que tomaran las deposiciones, más no así la presentación de la prueba pericial[3]. En cuanto a lo denegado fue reiterándose en lo ya resuelto el 27 de septiembre de 2024. Este reciente dictamen resuelve parcialmente el error señalado. Entiéndase que la controversia relacionada a la toma de deposiciones se convirtió en no justiciable por academicidad.

**II**.

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones

---

[2] Reiterado en Orden del 4 de febrero de 2025. SUMAC, entrada 429.
[3] SUMAC, entrada 425.

interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.

En los casos civiles, la Regla 52.1 de Procedimiento Civil, delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari*. La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según lo dispuesto en la Regla 52.1, supra, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

Es decir, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".

**B.**

El descubrimiento de prueba permite a las partes descubrir, obtener o perpetuar la prueba necesaria para sustentar sus alegaciones en el acto del juicio. Además, está basado en el principio básico de que antes del juicio, las partes tienen derecho a descubrir toda información relacionada con su caso, independientemente quién la posea. Las normas que regulan el procedimiento de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia, (2) obtener evidencia para ser utilizada en el juicio, evitando una sorpresa en esta etapa de los procedimientos, (3) facilitar la búsqueda de la verdad y (4) perpetuar evidencia. Su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso.

Es norma reiterada que el descubrimiento de prueba debe ser amplio y liberal. Únicamente existen dos limitaciones al descubrimiento: (1) que lo que se pretende descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia.

No obstante, **el Tribunal de Primera Instancia tiene entera discreción para establecer las reglas que entienda necesarias para llevar a cabo el descubrimiento de prueba**. En ese ejercicio, puede limitar el alcance y los mecanismos de descubrimiento de prueba que habrán de utilizarse, siempre que con ello se adelante la solución de controversias de forma rápida, justa y económica. Esta política tiene el efecto de facilitar la tramitación de los pleitos y evitar los inconvenientes, sorpresas e injusticias que surgen, cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. Además, permite a las partes precisar con exactitud los hechos en controversia, ya que en nuestro ordenamiento procesal el propósito de la demanda es notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes.

Cónsono con lo anterior, y como parte de la discreción concedida a los foros primarios en torno al descubrimiento de prueba, éstos están facultados para dictar cualquier orden que entienda justa o necesaria respecto a alguna parte que se negase a descubrir lo solicitado u ordenado.

**III.**

LMD aduce que el TPI abusó de su discreción al denegar la ampliación a los descubrimientos de prueba. Específicamente, al no permitir a LMD tomar las deposiciones y la no autorización de la prueba pericial.

A tenor con la norma jurídica esbozada, las controversias relativas al manejo del descubrimiento de prueba no están contempladas dentro de las instancias en las que, conforme a la

Regla 52.1 de Procedimiento Civil, *supra,* procede que se expida el auto de *certiorari.* Por tanto, no se justifica nuestra intervención, salvo que se cumpla algunas de las circunstancias enumeradas en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Como indicamos en el apartado anterior, los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento de prueba. Por ello, como foro apelativo, no debemos de intervenir con tal ejercicio, salvo la presencia de un claro error, prejuicio o abuso de discreción. Por lo anterior, reconocemos la jurisdicción y discreción del TPI en permitir a LMD tomar las deposiciones, según ordenado el 27 de enero de 2025. Es harto conocido que la presentación de un recurso discrecional -como el de autos- no paraliza los trámites ante el foro primario. Mucho menos asuntos de naturaleza procesal, como lo son los descubrimientos de prueba. De la misma manera que reconocemos lo permisivo del foro primario al permitir en estos momentos la toma de deposiciones a LMD, igualmente reconocemos su facultad y discreción de prohibir el anuncio y posterior presentación de prueba pericial.

En este caso, basta revisar el expediente ante nuestra consideración para percatarse de que el foro de primera instancia incluyó en la Minuta todas las oportunidades otorgadas a LMD y los incumplimientos. En cuanto al único asunto pendiente a nosotros, -la presentación de la prueba pericial- ésta nunca fue anunciada, a pesar de las oportunidades concedidas. De los autos, se colige que el TPI catalogó la falta de anunciar la prueba pericial como una inacción o un manejo poco oportuno por parte de LMD. Lo anterior, en el ejercicio de su discreción y teniendo de primera mano el conocimiento de todos los incidentes procesales.

Así pues, realizado el análisis bajo el Reglamento de este Tribunal, *supra,* no encontramos que el TPI, en su determinación de

no aceptar la prueba pericial y no ampliar el descubrimiento de prueba, haya incurrido en un abuso de discreción o que este haya actuado con el prejuicio o en fracaso de la justicia. Tampoco se demostró que el tribunal se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra cualquiera de las partes.

Por tanto, en ausencia de los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, o de alguno de los consignados en la Regla 40 de nuestro Reglamento, *supra,* nos abstenemos de intervenir con el dictamen recurrido.

## IV.

Conforme a lo anteriormente expuesto, se deniega la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones